# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

**LARRY RANDOLPH,**

    **Petitioner,**

  **v.**            **No. 3:24 CV 230**

**WARDEN,**

    **Respondent.**

## OPINION and ORDER

Larry Randolph, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his conviction for child molestation and related offenses in Lake County under Case No. 45G03-1305-FA-0013. (DE # 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

Following a 2014 jury trial, Randolph was convicted of multiple counts of child molestation and sexual misconduct with a minor and was sentenced to an aggregate term of 68 years in prison. (DE # 1 at 1-2.) He appealed to the Indiana Court of Appeals, which affirmed his conviction and sentence on February 18, 2016.[1] *Randolph v. State*, 48 N.E.3d 390 (Table), 2016 WL 682967 (Ind. Ct. App. Feb. 18, 2016). The Indiana Supreme Court denied his petition to transfer without comment on May 5, 2016. *Randolph v. State*, 50

---

[1] The court is permitted to take judicial notice of public records in ruling on the petition. *See* FED. R. EVID. 201.

N.E.3d 146 (Table) (Ind. 2016). He did not seek review in the U.S. Supreme Court. (DE # 1 at 3.)

On August 7, 2017, he filed a state post-conviction petition.[2] *Randolph v. State*, No. 45G03-1708-PC-000005 (Ind. Ct. App. docket entry Aug. 7, 2017). The petition was denied. He appealed, and the Indiana Court of Appeals affirmed the denial of post-conviction relief on March 3, 2023. *Randolph v. State*, 207 N.E.3d 1196 (Table), 2023 WL 2336642 (Ind. Ct. App. Mar. 3, 2023). He did not seek transfer to the Indiana Supreme Court. *See Randolph v. State*, 21A-PC-02410 (Ind. Ct. App. closed May 30, 2023).

On February 23, 2024, he tendered his federal petition to prison officials for mailing. (DE # 1 at 52.) He asserts four claims, which the court construes as follows: (1) his trial counsel was ineffective in failing to object to "misleading" testimony by the victim, J.E., and a child protective services investigator about whether he had ever "penetrated" her within the meaning of Indiana law; (2) his trial counsel was ineffective in failing to object to alleged misconduct by the prosecutor in connection with this testimony; (3) his appellate counsel was ineffective in failing to raise an argument about this testimony on direct appeal; and (4) the prosecutor committed misconduct and "fraud on the court" in connection with this testimony. (*Id.* at 6-46.)

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a strict statute of limitations, set forth as follows:

---

[2] He asserts in his petition that he filed his state post-conviction petition on February 19, 2019. (DE # 1 at 4.) However, it appears from public records that he filed an amended petition on that date, but that he filed an original petition on August 7, 2017. *See Randolph v. State*, No. 45G03-1708-PC-000005 (Ind. Ct. App. docket entry Aug. 7, 2017). The court will afford him the benefit of the doubt and uses the earlier date for purposes of this opinion.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As recounted above, the Indiana Supreme Court denied transfer in Randolph's direct appeal on May 5, 2016, and he did not seek review in the U.S. Supreme Court. His conviction became final under 28 U.S.C. § 2244(d)(1)(A) when the time for seeking review in the U.S. Supreme Court expired on August 3, 2016. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of review, the judgment becomes final when the time for seeking further review expires); U.S. SUP. CT. R. 13(1) (petition for writ of certiorari must be filed within 90 days of state court's judgment). He had one year from that date, or until August 3, 2017, to file a timely federal petition. He

did not file a petition within that deadline and instead waited until February 2024 to file this petition. Although he sought state post-conviction relief on August 7, 2017, the federal deadline expired before he filed this petition, making the state proceeding "irrelevant" for statute of limitations purposes. *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009). Even if the court were to exclude the time the state post-conviction proceeding was pending, 369 days elapsed on the federal clock before he filed his state post-conviction petition, and he waited another 357 days to seek federal habeas relief after the Indiana Court of Appeals affirmed the denial of post-conviction relief in March 2023. *See Randolph*, 2023 WL 2336642, at *1. This is a total of 726 days, well beyond the one-year deadline. The petition is therefore untimely under 28 U.S.C. § 2244(d)(1)(A).

It appears Randolph is under the impression that he had one year from the date the state post-conviction proceedings conclued to seek federal habeas relief. As explained above, however, the federal deadline expired before he sought post-conviction relief, and the recent activities in state court did not reset the deadline for seeking federal habeas review. *De Jesus*, 567 F.3d at 942. He also did not account for the time that elapsed before he sought post-conviction relief, and the time that elapsed after the post-conviction proceedings came to a conclusion, which totals well over a year. He does not acknowledge the untimeliness of the petition or provide a potential basis for tolling the deadline.

He also does not argue that a state-created impediment prevented him from filing a timely federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor do his claims implicate newly discovered facts or a newly recognized constitutional right made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C)-(D). Instead, he asserts routine claims of

ineffective assistance of counsel and prosecutorial misconduct based on testimony by J.E. and a child protective services investigator at trial; the law and facts applicable to these claims were available to him at the time of his trial and direct appeal.[3] See Randolph, 2023 WL 2336642, at *2-8. Therefore, the petition is untimely and cannot be considered on the merits.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on a procedural ground, the petitioner must establish that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling, and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). As outlined above, the petition is untimely and Randolph does not provide any potential basis for tolling the deadline. The court finds no reason to conclude that reasonable jurists would debate the correctness of this procedural ruling.

On the second prong, it is questionable whether the petition states a valid claim for the denial of a constitutional right. His ineffective assistance of counsel claims appear to be

---

[3] The evidence at trial reflected that Randolph committed multiple acts of molestation of J.E., his girlfriend's daughter, when she was between the ages of 9 and 13, including forcing her to touch his penis, forcing her to perform oral sex on him, performing oral sex on her, rubbing her vagina with his penis, and inserting his penis into her vagina "a little bit." See Randolph, 2023 WL 2336642, at *2-4. His claims center on her testimony and her report to a child protective services investigator about whether he ever "penetrated" her, a point on which there was some confusion because J.E. apparently believed that penetration meant "pushing your penis all the way into the vagina." Id. at *5. The Indiana Court of Appeals concluded that notwithstanding J.E.'s lack of understanding of the legal definition of "penetration," Randolph failed to prove that J.E. or the investigator lied on the stand, that the evidence was legally insufficient, or that his counsel was ineffective in his handling of this testimony. Id. at *5-6.

procedurally defaulted, because they were not presented to the Indiana Supreme Court on post-conviction review. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). His remaining claim of prosecutorial misconduct was rejected by the Indiana Court of Appeals on grounds of waiver. *Randolph*, 2023 WL 2336642, at *8. Waiver constitutes an adequate and independent state procedural ground that bars federal habeas review. *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010); *Bobo v. Kolb*, 969 F.2d 391, 399 (7th Cir. 1992). Therefore, the court declines to grant him a certificate of appealability.

For these reasons, the court:

(1) **DISMISSES** the petition (DE # 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) **DENIES** the petitioner a certificate of appealability; and

(3) **DIRECTS** the Clerk to close this case.

**SO ORDERED.**

Date: March 19, 2024

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT